# Exhibit A

*Emails Between Counsel*

| | |
|---|---|
| **From:** | Dagnew, Lina |
| **To:** | Catherine Wannamaker; Winter, Daniel G.; Toal, Daniel J; Korberg, Alexia D; Julius M. Redd; twombley@twlawfirm.com; Parker Moore; Lipshutz, Brian; Katrina M. Krebs |
| **Cc:** | Spruill, Sarah; Carl Brzorad; Lewis DeHope; Jane Davenport; Ellen Richmond |
| **Subject:** | RE: DOW v. CRL -- Plaintiffs" Motion to Compel and In Camera Review of Confidential Documents |
| **Date:** | Monday, December 12, 2022 1:59:46 PM |

Catherine:

We do not object to your proposed approach regarding *in camera* review of confidential documents that will be appended to your motion to compel. Depending on when you file the motion, we would like to discuss an appropriate extension for our opposition in light of the upcoming holidays.

On the third-party subpoenas, is it your current position that the third parties will respond to the subpoenas and produce all responsive information requested under the subpoenas? If so, please confirm that the third parties will use a different bates prefix for their production (so we can identify their documents) and, as we will need to understand which documents were in their possession, that you will promptly provide a list of the documents that Plaintiffs have already produced that came from the third parties. Please also let us know when we can expect the production(s) from the third parties.

Thanks,
Lina

**From:** Catherine Wannamaker <cwannamaker@selcsc.org>
**Sent:** Monday, December 12, 2022 1:30 PM
**To:** Winter, Daniel G. <dwinter@paulweiss.com>; Toal, Daniel J <dtoal@paulweiss.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Dagnew, Lina <ldagnew@paulweiss.com>; Julius M. Redd <JRedd@bdlaw.com>; twombley@twlawfirm.com; Parker Moore <PMoore@bdlaw.com>; Lipshutz, Brian <blipshutz@paulweiss.com>; Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** Spruill, Sarah <sspruill@hsblawfirm.com>; Carl Brzorad <cbrzorad@selcsc.org>; Lewis DeHope <ldehope@selcsc.org>; Jane Davenport <jdavenport@defenders.org>; Ellen Richmond <ERichmond@defenders.org>
**Subject:** Re: DOW v. CRL -- Plaintiffs' Motion to Compel and In Camera Review of Confidential Documents

Counsel — Just writing to follow up with you on the email below.

Given that it has been several days and we have not heard any objections to the plan for the filing of our motion to compel outlined below, we plan to proceed with filing late today.

Thanks,
Catherine

**From:** Catherine Wannamaker <cwannamaker@selcsc.org>
**Sent:** Thursday, December 8, 2022 2:07 PM

**To:** Winter, Daniel G. <dwinter@paulweiss.com>; Toal, Daniel J <dtoal@paulweiss.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Dagnew, Lina <ldagnew@paulweiss.com>; Julius M. Redd <JRedd@bdlaw.com>; twombley@twlawfirm.com <twombley@twlawfirm.com>; Parker Moore <PMoore@bdlaw.com>; Lipshutz, Brian <blipshutz@paulweiss.com>; Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** Spruill, Sarah <sspruill@hsblawfirm.com>; Carl Brzorad <cbrzorad@selcsc.org>; Lewis DeHope <ldehope@selcsc.org>; Jane Davenport <jdavenport@defenders.org>; Ellen Richmond <ERichmond@defenders.org>
**Subject:** DOW v. CRL -- Plaintiffs' Motion to Compel and In Camera Review of Confidential Documents

Dear Counsel:

Thank you for your correspondence of December 1, 2022 regarding our ongoing discovery disputes.

We write to inform you that we still cannot agree with your view of the limited nature of relevant information here, and thus your compromise to only provide certain data on the impacts of ponds on bleeding mortality.  As you know, we articulated the relevance of many other categories of "beyond the pond" information that we seek in discovery.

To that end, we write to notify you that we plan to file a motion to compel on these issues.  As part of that motion, we plan to reference certain documents that you have designated as confidential.  Our plan is to reference these documents only generally, with no specific details about the documents, in the motion itself, and to submit all documents marked as confidential (including CRL's responses to our RFPs and DNR's interrogatory responses) for *in camera* review, with certain portions of these documents highlighted for the Court's consideration.  We believe this is the procedure contemplated by paragraph 7 of our Confidentiality Order, and obviates the burdensome and disfavored step of a motion to seal (especially when we are not the party who believes sealing is appropriate).

The list of documents we plan to reference and include for *in camera* review is as follows:
CRL Answers to Plaintiffs' ROGs
CRL Responses to Plaintiffs' RFP
CRL00000219-CRL000000223
CRL00000748-CRL00000750
CRL00001496
CRL00002296-CRL00002297
DNR Supplemental Rog Responses
12.1.2022 Letter re Outstanding Discovery Issues (quotes from document(s) designated confidential)
Email from C. Brzorad to Counsel for the Parties on Oct. 19, 2022, at 1:59 (quotes from document(s) designated confidential)
CRL00000323-CRL00000343
CRL00000346-CRL00000347
CRL00000476-CRL00000483
CRL00001286-CRL00001313

CRL00001354-CRL00001382
CRL00001425-CRL00001441
CRL00001442-CRL00001484
(We will write separately later today to provide you with a non-exhaustive list of "Confidential" designations that we disagree with).

Please let us know your position on the motion and this procedure for filing documents *in camera* by <u>noon tomorrow, Friday, December 9th</u>.

Given that the motion will likely put your response date around the holidays, we are willing to discuss a reasonable extension of your time to respond but feel that it is important to go ahead and get this motion filed given the tight schedule for discovery and expert reports even under any amended schedule.

On the third party subpoenas to potential standing declarants, we disagree with your claim that we have engaged in delay tactics, particularly since Plaintiffs began producing documents from potential standing declarants before Charles River had produced any documents, and have produced far more documents than Charles River at a far quicker pace. We also disagree that these subpoenas – which have a limitless temporal scope, vastly overbroad topic scope, rapid production deadline, and required the subpoenaed parties to obtain counsel – are no more burdensome than requests for production to Plaintiffs. Nonetheless, the subpoenaed parties plan to promptly produce any relevant, discoverable documents in response to the subpoenas that have not already been turned over.

Thanks.
Catherine



Catherine Wannamaker
Senior Attorney
Southern Environmental Law Center
525 East Bay Street
Suite 200
Charleston, SC 29403


This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.