IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Defenders of Wildlife and South Carolina Coastal Conservation League, <br><br> Plaintiffs, <br> v. <br><br> Robert H. Boyles, Jr., in his official capacity as Director of the South Carolina Department of Natural Resources and Charles River Laboratories International, Inc., <br><br> Defendants. | Case No. 2:22-cv-112-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' Motion to Strike the Declarations of Dr. Lawrence Niles. (Dkt. No. 104). Defendants' motion was filed in relation to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 97). Plaintiffs filed a response in opposition to Defendants' motion. (Dkt. No. 115). For the reasons set forth below, Defendants' motion is denied.

**I.  Background**

Plaintiffs allege Defendants have violated Section 9 of the Endangered Species Act by committing an impermissible "take" of a threatened migratory shorebird, the *rufa* red knot. (Dkt. No. 1, ¶ 1). Plaintiffs claim that Defendants deprive the birds of a critical food source, horseshoe crab eggs, by harvesting and possessing horseshoe crabs in temporary containment ponds during horseshoe crab spawning season. Defendant Charles River harvests the crabs and maintains the containment ponds pursuant to Defendant South Carolina Department of Resources permit that allows possession of horseshoe crabs for biomedical purposes. (Dkt. No. 1, ¶¶ 6, 8).

Plaintiffs moved to enjoin the use ponds in South Carolina in their Motion for Preliminary Injunction. (Dkt. No. 97). In support of their motion, Plaintiffs submitted the declaration of Dr.

1

Lawrence Niles. (Dkt. No. 97-1). Dr. Niles generally opines on the purported impact of the collection and release of horseshoe crabs on red knots, the dietary and feeding habits of red knots, and the effect of containment ponds on the red knots population in South Carolina. (*Id.*)

Defendants challenge some of Dr. Niles's opinions as irrelevant (Dkt. No. 104 at 3-4), scientifically unsupported (Dkt. No. 104 at 4-8), and as conclusory (Dkt. No. 104 at 8-12). Plaintiffs responded that the standards for admitting evidence at the preliminary injunction stage are relaxed and that the Court should consider Dr. Niles's declaration. (Dkt. No. 115). The matter is now ripe for the Court's review.

II.     **Standard**

Rule 702 of the Federal Rules of Evidence permits admission of "scientific, technical or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." *See* Fed. R. Evid. 702. The United States Supreme Court also provided several factors to be considered by courts in evaluating expert testimony in *Daubert. Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). These factors include whether the theory can be tested, whether the theory has been subjected to peer review, whether the theory is generally accepted in the relevant scientific community, and whether there is a known error rate for the theory. *Id.* at 589, 593-94.

It is the job of this Court to serve as a gatekeeper for expert testimony. *Id.* at 594. However, the standards by which the Court examines evidence are relaxed at the preliminary injunction stage. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less

complete than in a trial on the merits."); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3rd Cir. 2004) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)); *Lockhart v. Home-Grown Industrs. Of Georgia Inc.*, No. 3:07-CV-297, 2007 WL 2688551 at *4 n. 7 (W.D.N.C. Sept. 10, 2007) (unpublished) ("At the preliminary injunction stage, however, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence[.]"). Some courts have even held that the Federal Rules of Evidence are completely inapplicable to a preliminary injunction hearing. *See, e.g.*, *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings."). Finally, some courts have admitted all expert testimony at the preliminary injunction stage and utilized the *Daubert* standard to evaluate the appropriate weight to give the testimony. *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 4453098, at *4 (N.D. Okla. Sept. 29, 2008); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, No. CIV. 00-1647 JP/RLP, 2002 WL 34365244, at *2-3 (D.N.M. Sept. 30, 2002) (addressing Daubert challenges after admitting all expert evidence in preliminary injunction evidentiary hearing).

**III.     Discussion**

Plaintiffs submitted the Niles Affidavit as evidence in support of the pending Motion for Preliminary Injunction. As such, the Court will evaluate these affidavits under the relaxed standard utilized at this procedural posture.

Regardless of whether the Federal Rules of Evidence apply in a relaxed sense or whether the Rules of Evidence do not apply at all, the Court will consider the affidavit at the preliminary injunction hearing. The Fourth Circuit has never spoken on the issue of whether the Rules of Evidence apply during preliminary injunction hearings. However, the United States Supreme

Court made clear in *Camenisch* that the standard of review for a preliminary injunction is different from the standard utilized at trial or summary judgment. *Camenisch*, 451 U.S. at 395. Therefore, rather than making a final determination under Rule 702 and *Daubert* of whether Dr. Niles qualifies as an expert for purposes of this trial, the Court will make a less formal review of the affidavit to see if they present the indicia of reliability common to expert testimony. *See id.* ("A party thus is not required to prove his case in full at a preliminary-injunction hearing.").

The Court finds that, for purposes of the preliminary injunction hearing, the affidavit contains the indicia of reliability sought under Rule 702 and *Daubert*. The affidavit offers analysis regarding red knots migration patterns, including the importance of South Carolina as a stopover destination in the red knots transpolar journey. Dr. Niles also offers analysis regarding red knots dietary requirements and food sources in South Carolina. Dr. Niles relies upon his professional experience and education when providing the analysis. The Court finds that this reliance upon experience and training provides sufficient indicia of reliability to be considered at the preliminary injunction hearing. The Court further finds that the *Daubert* arguments made in Defendants' motion are more instructive on the weight of the evidence rather than its admissibility at this procedural posture. *See Tyson Foods, Inc.*, 2008 WL 4453098, at *4.

IV.   **Conclusion**

For the reasons stated above, Defendants Motion to Strike the Declarations of Dr. Lawrence Niles (Dkt. No. 104) is **DENIED**.

  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 4, 2023
Charleston, South Carolina